UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Tina Marie Snell,                                    Case No. 08-53534-MBM
                                                     Chapter 13
_____ Debtor.   /                        Hon. Marci B. McIvor

**OPINION GRANTING
DEBTOR'S MOTION FOR RECONSIDERATION**

On January 2, 2013, this Court entered an Order Modifying Debtor's Chapter 13

Plan.  On January 16, 2013, the Debtor filed a Motion for Reconsideration of the Court's

January 2, 2013 Order.  For the reasons set forth below, the Court grants Debtor's

Motion for Reconsideration.

BACKGROUND

On June 3, 2008, Debtor, Tina Marie Snell, filed a voluntary petition under

Chapter 13 of the Bankruptcy Code.  On July 7, 2008, Debtor filed her Schedules and

Chapter 13 Statement of Current Monthly Income and Calculation of Commitment

Period and Disposable Income, and Chapter 13 Plan.  Debtor's Chapter 13 Statement

of Current Monthly Income stated that the applicable commitment period (as defined in

11 U.S.C. § 1325(b)(4)) was thirty six months.[1]  Notwithstanding the relevant applicable

commitment period, Debtor's Chapter 13 Plan was proposed as a 60 month plan.

On September 12, 2008, this Court entered an Order Confirming Debtor's

_____

[1]11 U.S.C. § 1325(b)(4) provides that the applicable commitment period for making
payments pursuant to a Chapter 13 plan of reorganization is three years unless the debtor is an
"above median income" debtor as defined in 11 U.S.C. § 1325(b)(4)(A)(ii).  The applicable
commitment period for an above median income debtor is five years.

Chapter 13 Plan.  The Plan was confirmed as a 60 month plan.

On October 19, 2012, Debtor filed a Chapter 13 Post-Confirmation Plan Modification.  Debtor sought a plan modification as a result of her loss of employment.[2] Debtor proposed to modify her Chapter 13 Plan as follows: (1) reduce the dividend to unsecured creditors from $7,600.00 to $4,087.13 and allow the case to proceed to discharge (which would reduce the plan length from 60 months to 50 months); and (2) excuse missed payments in the amount of $2,227.77.  On October 30, 2012, the Chapter 13 Trustee filed an Objection to the proposed plan modification.

On December 20, 2012, the Court held a hearing on Debtor's Post-Confirmation Plan Modification.  At the conclusion of the hearing, the Court granted in part and denied in part, the proposed plan modification.  The Court granted Debtor's request that plan payments be excused in the amount of $2,227.77.  However, the Court denied Debtor's request that the case proceed immediately to discharge.  On January 2, 2013, this Court entered an Order Modifying Debtor's Chapter 13 Plan.  The Order excused plan payments in the amount of $3,423.17 and excused plan payments from December 28, 2012 to June 28, 2013.  The Order did not instruct the Chapter 13 Trustee to allow the case to proceed to discharge.

On January 16, 2013, Debtor filed a Motion for Reconsideration of the Order entered on January 2, 2013.

<u>ANALYSIS</u>

Local Bankruptcy Rule 9024-1 (E.D.M.) governs post-judgment motions,

---

[2]Debtor submitted proof that she had been terminated from her employment on September 14, 2012.

2

including motions for reconsideration.  Local Bankruptcy Rule 9024-1 (E.D.M.) states in relevant part:

> (a) A Motion for Reconsideration.
>
> > (1) Deadline. The deadline to file a motion for reconsideration of an order or judgment on the grounds that it was erroneous in fact or in law is 14 days after the entry of the order or judgment.
> >
> > (2) No Response and No Hearing Allowed.  No response to the motion and no oral argument thereon shall be allowed unless the court otherwise orders.
> >
> > (3) Grounds.  Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof

In her Motion for Reconsideration, Debtor argues that this Court committed a palpable defect in not permitting Debtor to modify her plan to reduce the length of her Chapter 13 Plan from 60 to 50 months.  Two sections of the Bankruptcy Code are relevant to Debtor's argument.  First, 11 U.S.C. § 1329 controls post-confirmation plan modifications.  That section states in relevant part:

> (a)      At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder or an allowed unsecured claim, to -
>
> > (1) increase or reduce the amount of payment on claims of a particular class provided for by the plan;
> >
> > (2) extend or reduce the time for such payments;
> >
> > . . .
> >
> > (b)(1) Sections 1322(a), 1322(b), and 1322(c) of this title and

3

the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

The other section which controls resolution of this matter is 11 U.S.C. § 1325. 11 U.S.C. § 1325(a) sets forth 9 requirements for confirmation of a debtor's plan. If the requirements are met, the plan shall be confirmed "except as provided in subsection (b)." 11 U.S.C. § 1325(b)(1) states:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan -
>
> > (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> > (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Debtor argues that pursuant to 11 U.S.C. § 1329(a)(2), plan modifications which reduce the length of a plan are permissible. Debtor argues that this Court erred in not granting Debtor such relief. In support of Debtor's argument, Debtor cites *In re McCully,* 398 B.R. 590 (Bankr. N.D. Ohio 2008). In *McCully*, debtors were above median income debtors. As above median income debtors, the applicable commitment period for the chapter 13 plan was 60 months (11 U.S.C. § 1325(b)(4)). Post confirmation, debtors income declined to well below the median income as defined by statute. Debtors filed a plan modification under 11 U.S.C. § 1329 seeking to reduce the length of their plan from 60 months to 52 months and decrease the dividend to unsecured creditors, based on their loss of income. The court overruled the trustee's objection and granted the plan modification. The court reasoned that a plan modification does not need to satisfy the

4

applicable commitment period requirement of 11 U.S.C. § 1325(b)(2) because 11

U.S.C. § 1329 does not explicitly reference 11 U.S.C. § 1325(b)(2).  *See also In re*

*Young,* 370 B.R. 799, 802 (Bankr. E.D. Wis. 2007); *In re Ewers* 366 B.R. 139, 142-143

(Bankr. D. Nev. 2007); *In re Sunahara*, 326 B.R. 768, 781 (9th Cir. BAP 2005).

There is no Sixth Circuit appellate law on point, and several cases have reached

a conclusion opposite to the conclusion reached by the *McCully* court.  In *In re King*,

439 B.R. 129 (Bankr. S.D. Ill. 2010) debtors were above median income debtors which

made the applicable commitment period for their Chapter 13 plan 60 months.

Subsequent to confirmation of their plan, the debtors suffered a loss of income and

requested that the court allow them to modify their plan pursuant to 11 U.S.C. § 1329 to

reduce the plan duration from 60 to 44 months, and to reduce the dividend to unsecured

creditors.  The court denied debtors request for a plan modification.  The court stated:

> Admittedly, requiring above-median income debtors to remain in
> bankruptcy for their entire commitment period-while also allowing them to
> adjust their plan payments based on changed financial circumstances-
> may result in situations where certain debtors end up paying very little to
> the Trustee for extended periods of time.  However, if the Court were to
> allow above-median income debtors to simply exit bankruptcy upon
> payment of their secured claims, unsecured creditors would be deprived of
> the opportunity to capitalize on any subsequent increases in the debtors'
> income.

*King,* at 139.  The court concluded that an above median income debtor could not

modify their plan under § 1329(a) so as to reduce the length of the term of the plan, if

the applicable commitment period for that debtor as defined by 11 U.S.C. § 1325(b)(4)

was 60 months.  *See also In re Buck*, 443 B.R. 463 (Bankr. N.D. Ga 2010, *In re*

*Heideker*, 455 B.R. 263 (Bankr. M.D. Fla. 2011).

In the absence of Sixth Circuit law on point, this Court agrees with the holding of

5

the *In re King* case.  If at the time the debtor's case is confirmed the debtor is an above

median income debtor, the applicable commitment period for that debtor's plan is 60

months.  A debtor may not subsequently reduce the duration of that debtor's plan even

if a decrease in income justifies a reduction in plan payments for some period of time.[3]

That being said, this Court finds none of the case law referenced above controls the

resolution of this case.  In each of the cases referenced above, at the time the case was

confirmed, the debtors were above median income debtors, requiring an applicable

commitment period of 60 months.  In the instant case, it is undisputed, that at the time

Debtor's case was confirmed, Debtor was a below median income debtor as defined by

11 U.S.C. § 1325(a)(4).  The applicable commitment period for a below median income

debtor is 36 months.  While Debtor's plan proposed repayment of her obligations over

60 months, that time frame was chosen by Debtor rather than imposed by statute. 11

U.S.C. §1329(a)(2) allows Debtor to reduce the duration of her plan, so long as that

proposed modification complies with the requirements of 11 U.S.C. § 1325(a) and

(b)(1)(B).  Debtor has made plan payments for 50 months.  Since Debtor has made plan

payments for a period longer than that required by 11 U.S.C. § 1325 (b)(1)(B), her

proposed plan modification reducing the length of her plan from 60 to 50 months

complies with 11 U.S.C. § 1329(b)(1).

In conclusion,  a debtor for whom the applicable commitment period under

§1325(b)(1)(B) is 36 months, may reduce the duration of their plan pursuant to a plan

modification filed under 11 U.S.C. § 1329, if the debtor has been in the plan for longer

---

[3]If a debtor suffers loss of income due to "circumstances for which the debtor should not
justly be held accountable", debtor may seek a hardship discharge under 11 U.S.C. § 1328(b).

than 36 months, and the post-confirmation plan modification complies with all the other requirements of 11 U.S.C. §1329(b)(1).  Debtor's Motion for Reconsideration is granted.

Signed on January 25, 2013

                              /s/ Marci B. McIvor
                         Marci B. McIvor
                         United States Bankruptcy Judge